**ANCHORAGE POLICE DEPARTMENT EMPLOYEES ASSOCIATION,**
**Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE,**
**Appellee.**

No. S–6870.

Supreme Court of Alaska.

June 6, 1997.

---

Will Aitchison, Portland, OR, for Appellant.

Leslie K. Schumacher, Assistant Municipal Attorney, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS and EASTAUGH, JJ.

### OPINION

PER CURIAM.

The judgment of the superior court, on appeal from the Municipality of Anchorage Employee Relations Board, is AFFIRMED for the reasons expressed in its Decision on Appeal, attached hereto as an Appendix.[1]

FABE, J., not participating.

### APPENDIX

### IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT

ANCHORAGE POLICE DEPARTMENT EMPLOYEES ASSOCIATION,

Appellant/Petitioner,

vs.

MUNICIPALITY OF ANCHORAGE,

Appellee/Respondent.

Case No. 3AN 93–11564 CI

*DECISION ON APPEAL*

The Anchorage Police Department Employees Association ("APDEA") has appealed a decision of the Employee Relations Board which denied the arbitrability of a grievance filed by APDEA. The court has reviewed the briefs, authorities cited therein, and the record.

On August 17, 1992, the Municipality adopted a policy whereby warrants section personnel were to be transferred to patrol on a rotational basis. The policy was justified by the police department's determination that such transfers were required to insure that warrants officers maintained their proficiency as patrol officers. APDEA grieved this policy pursuant to Article V, Section 2(N) of the collective bargaining agreement. That provision states, in relevant part:

> If the Department implements a change in a current policy or procedure over which the Employer has a mandatory obligation to bargain ... the designated Association Representative may grieve such change....

The Municipality declined to process the grievance. An unfair labor practice complaint was filed with the Employee Relations Board. The Board hired a hearing officer who concluded, without conducting evidentiary proceedings, that the complaint was unfounded. The Board agreed. This appeal followed.

The appeal raises four issues: (1) Should the Board and court be deciding issues of arbitrability, or should such issues be resolved by the arbitrators themselves? (2) Is the rotational transfer of warrants officers into patrol a mandatory bargaining subject? (3) Was there a "past practice" of not rotating warrants officers into the patrol section? and (4) Was the hearing officer required to conduct a hearing in this case?

 The court finds, first, that it is authorized and required to resolve the threshold issue of arbitrability. *State v. Public Safety Employees Ass'n,* 798 P.2d 1281, 1285 (Alaska 1990). In this case, that issue depends on whether assignment of officers is a mandatory subject for bargaining.

---

**1.** The decision has been edited in conformity with Supreme Court procedural standards.

The cases which have addressed this issue generally distinguish between disciplinary versus non-disciplinary transfers. The former are subject to the grievance procedure; the latter fall within the realm of management prerogatives. *E.g., City of Perth Amboy,* 13 NJPER P 18037 (1986). The cases further distinguish between management's unfettered right to assign officers to different duties, versus employees' rights to grieve issues pertaining to pay and other benefits. *E.g., Township of Wayne,* 18 NJPER P 23016 (1991).

Management prerogatives derive from contract provisions such as that found in Article II, Section 1 of the collective bargaining agreement here. That section states: "It is recognized that the Municipality retains the right, except as otherwise provided in this agreement, to manage the affairs of the Municipality and direct its work force." The only section in the agreement directly pertaining to transfers is Article VI, Section 14. The pertinent part of that provision reads:

> Job assignments shall be made on the basis of qualifications, as determined by the Employer. Qualifications being equal, job assignments shall be made on the basis of department seniority, save that an employee may be involuntarily transferred for non-disciplinary reasons to a different job assignment within a division under the following circumstances:
>
> > (1) based upon the needs of the Department as determined by the Chief of Police, or his/her designee, no more than once each calendar year.... Any involuntary transfer shall be subject to review under the grievance and arbitration provisions of this contract and shall not be upheld if determined to be arbitrary, capricious, discriminatory or made in bad faith.

APDEA did not grieve pursuant to this section. APDEA did not claim in its grievance that the transfers were to a different division or that they were not based on the needs of the Department as determined by the Chief of Police. Nor did the union argue that particular transfers were arbitrary, etc. Yet there is no other provision in the agreement restricting management's prerogative in regard to transfer policies. Accordingly, there is no basis for finding that such transfer policies constitute a mandatory subject for bargaining.

In light of the court's conclusion above, there is no need to ascertain whether there was [ ] a "past practice" that was changed so as to trigger the right to grieve. By way of *dictum,* the court determines, however, that such analysis would [be] part of the merits of grievance resolution, and would not be an appropriate subject for the Board or court to address.

Appellant has not indicated any evidence that would have been relevant on the question of mandatory bargaining subject. Since resolution of that question against APDEA in this case is conclusive, there was no need for the Board to conduct an evidentiary hearing.

Based on the foregoing, IT IS ORDERED that the Board's decision is AFFIRMED.

DATED this 23rd day of December, 1994.

/s/ J. M. Woodward
JOAN M. WOODWARD
Superior Court Judge